# EXHIBIT A

**K&L LAW GROUP, P.C.**
MARC Y. LAZO, SBN: 215998
ALEXANDER A. POWERS, SBN: 350967
2646 Dupont Drive, Suite 60340
Irvine, CA 92612
Phone No.:    (949) 216-4000
Fax No.:    (800) 596-0370

Attorneys for Plaintiff

Electronically FILED by
Superior Court of California,
County of Los Angeles
8/27/2025 9:41 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By C. Nava, Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| JANE DOE, an individual, <br><br> Plaintiff, <br><br> v. <br><br> AARON SIMPSON, an individual; QUINTESSENTIALLY (UK) LIMITED, a Private Limited UK Company; and DOES 1-100 inclusive, <br><br> Defendants. | Case No: **25TRCV02908** <br><br> **COMPLAINT FOR:** <br> 1. **VIOLATION OF TVPA (18 U.S.C. § 1591, ET SEQ.)** <br> 2. **PARTICIPATION IN A SEX TRAFFICKING VENTURE IN VIOLATION OF TVPA (18 U.S.C. § 1591, ET SEQ.)** <br> 3. **CONSPIRACY TO COMMIT VIOLATIONS OF TVPA (18 U.S.C. §§ 1591(a)(2), 1595)** <br> 4. **HUMAN TRAFFICKING IN VIOLATION OF CALIFORNIA CIVIL CODE § 52.5** <br> 5. **SEXUAL BATTERY** <br> 6. **NEGLIGENCE** <br> 7. **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS** <br> 8. **NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff JANE DOE ("Plaintiff"), brings this action against Defendants AARON SIMPSON ("SIMPSON") and QUINTESSENTIALLY (UK) LIMITED ("QUINTESSENTIALLY") (collectively, "DEFENDANTS"), as follows:

**JANE DOE**

1.    Plaintiff JANE DOE is and was, at all relevant times hereto, an individual who has resided in the County of Los Angeles, California and the County of Miami-Dade, Florida.

-1-

COMPLAINT

2. California courts have found that the California Code of Civil Procedure does not prohibit pseudonymous litigation. Section 367 states that "[e]very action must be prosecuted in the name of the real party in interest, except as otherwise provided by statute." However, California courts have correctly interpreted Section 367 to mean that a lawsuit must merely be brought on behalf of a person having legal standing to commence the action, and does not speak to whether a pseudonym is appropriate in a given case. (See *Doe v. Lincoln Unified School Dist.* (2010) 187 Cal.App.4th 1286.)

3. California courts have allowed plaintiffs to proceed with a pseudonym in a variety of cases. (See, e.g., *Doe v. Roe* (1990) 218 Cal.App.3d 1538; *Doe v. Capital Cities* (1996) 50 Cal.App.4th 1038; *Doe v. Bakersfield City School Dist.* (2006) 136 Cal.App.4th 556; and *Doe v. Roman Catholic Archbishop of Cashel & Emly* (2009) 177 Cal.App.4th 209.)

4. The use of "Doe plaintiffs" to protect legitimate privacy rights has been well recognized as an appropriate practice in circumstances when a plaintiff would be further stigmatized by disclosing his or her name in court documents. (See *Starbucks Corp. v. Superior Court*, 168 Cal.App.4th 1436 n.7 (2008) [noting that this practice "has gained wide currency, particularly given the rapidity and ubiquity of disclosures over the internet.]"]). Doe designations may be appropriate even where sealing orders are not. (*H.B. Fuller Co. v. Doe* (2007) 151 Cal.App.4th 879.) The California Supreme Court has held that the use of a "Doe plaintiff" is particularly appropriate where the facts of the case are of a sexual nature. (See *Doe v. City of Los Angeles* (2007) 42 Cal.4th 531.)

5. Accordingly, given the nature and severity of the allegations herein and in the interest of Plaintiff's recognized privacy rights, Plaintiff rightfully pursues this action under the pseudonym "Jane Doe."

## DEFENDANTS

6. Defendant SIMPSON is, on information and belief, an individual who has frequented Los Angeles, California for portions of the year on many occasions.

7. Defendant QUINTESSENTIALLY is, on information and belief, a British concierge private limited company with a Companies House number of 03879072 which SIMPSON co-founded with offices in Los Angeles, California at all relevant times alleged herein.

-2-

COMPLAINT

## JURISDICTION AND VENUE

8.    Jurisdiction and venue in this Court are proper as the conduct described below perpetrated by Defendants occurred in this district, including SIMPSON's unlawful conduct against Plaintiff which was aided and abetted by QUINTESSENTIALLY.

9.    Furthermore, jurisdiction and venue in this Court are proper under California Code of Civil Procedure §§ 395(a), 395(b), and 395.5,  as Defendants have conducted substantial business operations, have engaged in numerous other activities, and have otherwise had many contacts with the State of California and in the County of Los Angeles, and have  derived benefits from such operations, activities, and contacts, as further described below.

## THE TRAFFICKING VICTIMS PROTECTION ACT

10.    The TRAFFICKING VICTIM PROTECTION ACT (TVPA)[1] outlaws Sex Trafficking activities that affect interstate or foreign commerce or take place within the territorial jurisdiction of the United States. It is to be construed broadly because it serves a remedial purpose and uses intentionally broad language.

11.    The TVPA forbids the following Sex Trafficking conduct:

a)  Whoever knowingly—

    i.  in or affecting interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States recruits, entices, harbors, transports, provides, obtains, advertises, maintains, patronizes, or solicits by any means a person; or

    ii.  benefits, financially or by receiving anything of value, from participation in a venture which has engaged in an act described in violation of paragraph (1),

knowing, or, except where the act constituting the violation of paragraph is advertising, in reckless disregard of the fact, that means of force, threats of force, fraud, coercion described in subsection (e)(2), or any combination of such means will be used to cause the person to engage in a commercial sex act, or that the

---

[1] The TVPA was enacted in 2000, and has been subsequently expanded and supplemented by numerous "comprehensive bills designed to bring the full power and attention of the federal government to the fight against human trafficking." https://www.justice.gov/humantrafficking/key-legislation#:~:text=Among%20other%20things%2C%20the%20Trafficking,or%20accompanying%20the%20federal%20government.

-3-

COMPLAINT

person has not attained the age of 18 years and will be caused to engage in a commercial sex act, shall be punished as provided in subsection (b).[2] 18 U.S.C. § 1591(a).

12. The TVPA also contains an explicit "civil remedy" provision which allows an individual who is a victim of a violation of Chapter 77 of Title 18 to bring a civil action against the perpetrator and any person or entity who knowingly benefits, financially or by receiving **anything** of value, from participation in an illegal Sex Trafficking venture. 18 U.S.C. § 1595(a).

13. Unlike the criminal penalties provision in the TVPA, the "civil remedy" provision contains an expansive "Constructive Knowledge" provision. This provision allows a civil action to be brought not only against a person or entity who participates in a Venture known to have engaged in illegal Sex Trafficking, but also against a person or entity who participates in a Venture that the person or entity **should have known** has engaged in illegal Sex Trafficking. 18 U.S.C. § 1595(a). The provision thus provides an alternative to proving actual knowledge as part of any plaintiff's civil damages claim brought under this section.

## BACKGROUND FACTS

14. Plaintiff is informed and believes that at all relevant times alleged herein, AARON was one of the owners of QUINTESSENTIALLY responsible for its daily operations, and was able to make financial decisions, control occupational processes, and dictate business and recreational activities undertaken by and on behalf of the company.

15. Plaintiff met AARON through mutual acquaintances.

16. Shortly after meeting AARON, Plaintiff began receiving numerous invitations to social and professional events put on by QUINTESSENTIALLY.

17. Plaintiff eventually accepted an invitation from AARON to attend an event in Los Angeles, California (the "LA Party"). The LA Party was hosted at an Airbnb in Los Angeles paid for by QUINTESSENTIALLY. Plaintiff understood that the LA Party would be attended not only by mutual acquaintances, but also by clients and associates of the DEFENDANTS. As described below, Plaintiff did not, however, understand the surreptitious intent behind the invitation and the real purpose of her attendance. Plaintiff simply believed that she would be attending as a social guest.

---

[2] Subsection (b) authorizes criminal penalties including fines and **imprisonment for life**.

-4-

18. At the time of the LA Party, Plaintiff was in another state and had to be flown out to Los Angeles to attend the party. QUINTESSENTIALLY purchased Plaintiff's roundtrip plane ticket so that she could attend.

19. Once she arrived at the LA Party, Plaintiff was informed that she would not be allowed to leave the premises throughout the entirety of her stay unless permission was granted to her by AARON or one of his associates.

20. At the LA Party, AARON cornered Plaintiff and proceeded to violently vaginally rape her from behind. Paralyzed with fear, Plaintiff was unable physically fight back during this rape.

21. Following the rape of Plaintiff by AARON at the LA Party, in an effort to secure Plaintiff's silence, Plaintiff received a multitude of gifts including, but not limited to, a pair of Christian Louboutin red bottom shoes.

22. Since this event, Plaintiff has become aware of a multitude of other individuals who have shared similar harrowing experiences involving DEFENDANTS.

23. Plaintiff has further become aware that DEFENDANTS have hosted a multitude of parties and events of the same nature as the LA Party. Plaintiff is informed and believes that DEFENDANTS host such events and invite naïve young men and women—such as herself at the time of the conduct alleged herein—under fraudulent premises, for the purpose of forcing and coercing such individuals to engage in Commercial Sex Acts (defined below) with associates and clients of DEFENDANTS present at such parties and events. DEFENDANTS substantially benefit from the provision of young men and women to their associates and clients at such events, monetarily, vocationally, and politically, including through establishing and strengthening their business, political, and personal relationships.

24. Plaintiff believes that the foregoing events—the purchasing of transportation, lodging, and extravagant gifts—including cash payments—by DEFENDANTS for victims like Plaintiff in exchange for sexual favors—is the pattern and practice of DEFENDANTS and their many associates.

25. As a result of AARON's physical, mental, and emotional abuse—enabled and facilitated by QUINTESSENTIALLY—Plaintiff continues to seek treatment for anxiety and frequent panic attacks, which has required her to take medication and has severely and detrimentally impacted her

-5-

COMPLAINT

emotional and mental wellbeing, as well as her ability to function in day-to-day life, as further described below.

## FIRST CAUSE OF ACTION

## VIOLATION OF TVPA (18 U.S.C. § 1591, et seq.)

### (Against All Defendants and DOES 1-100)

26.     Plaintiff refers to each of the foregoing paragraphs in their entirety, and hereby incorporates them by reference as though fully set forth herein.

27.     Plaintiff is a victim of Sex Trafficking within the meaning of 18 U.S.C. § 1591(a) and (b), and is therefore entitled to bring a civil action under 18 U.S.C. § 1595.

28.     The term "Commercial Sex Act" is broadly defined to mean any sex act on account of which anything of value is given to or received by any person. 22 U.S.C. § 7102.

29.     The term "Venture" is broadly defined under 18 U.S.C. § 1591to mean any group of two or more individuals associated in fact, regardless of whether they form a legal entity.

30.     The term "coercion" means—

   a)  threats of serious harm to or physical restraint against any person;

   b)  any scheme, plan, or pattern intended to cause a person to believe that failure to perform an act would result in serious harm to or physical restraint against any person; or

   c)  the abuse or threatened abuse of law or the legal process. 18 U.S.C. § 1591 (e).

31.     At all times relevant, DEFENDANTS maintained offices and transacted business in several locations throughout the world, including for parties and events such as the LA Party.

32.     Plaintiff was fraudulently induced into attending the LA Party under false pretenses that she would merely be there as a social guest.

33.     However, after she arrived, Plaintiff was forced into engaging in Commercial Sex Acts at the LA Party—which was funded entirely through DEFENDANTS' expenditures—with an expectation that she would remain silent in exchange for things of value she received (i.e., plane tickets, free lodging, extravagant gifts).

34.     At all times relevant, DEFENDANTS used fraudulent and coercive tactics—from inviting Plaintiff to attend the LA Party under false pretenses, to concealing the real purpose of her

-6-

COMPLAINT

attendance, to causing Plaintiff to fear for her safety and well-being, to attempting to buy her silence—in order to force Plaintiff to engage in Commercial Sex Acts.

35.    Such tactics served to induct Plaintiff into DEFENDANTS' world of sexual depravity and corruption, in furtherance of the systematic methodology used to perpetrate the rape of Plaintiff and other similarly situated victims.

36.    In doing so, DEFENDANTS contrived and cultivated a curated scheme in which Plaintiff felt entirely powerless to defend herself. Plaintiff feared for her physical and mental wellbeing if she did not adhere to the demands of DEFENDANTS.

37.    As a direct and proximate result of the DEFENDANTS' conduct as alleged herein, Plaintiff has suffered physical injuries, severe emotional distress and anxiety, humiliation, dehumanization, post-traumatic stress disorder, and other consequential and incidental damages, including but not limited to economic and non-economic harm, medical expenses, psychiatric treatment and psychological counseling.

38.    Plaintiff also seeks recovery of the "full amount" of her losses pursuant to 18 U.S.C. § 1593, as well as all statutorily mandated damages authorized under 18 U.S.C. §§ 1593A and 1594, reasonable attorneys' fees and costs as provided under 18 U.S.C. § 1595(a), and punitive and exemplary damages. In this regard, the foregoing criminal acts and unlawful conduct were willfully committed with malice, so as to warrant punitive and exemplary damages against DEFENDANTS, particularly because they intentionally placed their own perverse and depraved sexual interests, as well as their pecuniary and business endeavors and relationships, ahead of Plaintiff's physical and personal safety, mental and emotional wellbeing, and fundamental Constitutional rights.

## SECOND CAUSE OF ACTION

## PARTICIPATING IN A VENTURE IN VIOLATION OF TVPA (18 U.S.C. § 1591, et seq.)

### (Against QUINTESSENTIALLY and DOES 1-100)

39.    Plaintiff refers to each of the foregoing paragraphs in their entirety, and hereby incorporates them by reference as though fully set forth herein.

40.    Plaintiff is a victim of Sex Trafficking within the meaning of 18 U.S.C. § 1591(a) and (b) and is therefore entitled to bring a civil action under 18 U.S.C. § 1595.

-7-

41. As described herein, the DEFENDANTS formed a Venture as defined by 18 U.S.C. § 1591 given that they constitute a "group of two or more individuals associated in fact, whether or not a legal entity."

42. The term "Participation in a Venture" is defined as knowingly assisting, supporting, or facilitating a violation of subsection 18 U.S.C. § 1591(a)(1). Unlike the criminal penalties provision in the TVPA, the "civil remedy" provision contains a "Constructive Knowledge" component. This allows a civil action to be brought not only against a person or entity who participates in a Venture known to have engaged in Sex Trafficking, but also allows such action against a person or entity who participates in a Venture that the person or entity *should have* known has engaged in Sex Trafficking. 18 U.S.C. § 1595(a). This "Constructive Knowledge" provision provides a drastically lesser standard to establish knowledge as part of any plaintiff's civil damages claim.

43. Plaintiff is informed and believes that QUINTESSENTIALLY encouraged and promoted a perverse, bigoted, and corrupt business culture, which enabled and facilitated conduct such as the use of forceful and coercive tactics to recruit, entice, harbor, transport, provide, obtain, and otherwise solicit youngsters like Plaintiff to engage in Commercial Sex Acts. At the bare minimum, QUINTESSENTIALLY reasonably should have known of the facts and events described herein, particularly in light of AARON's position within the company and the use of company funds to perpetrate the criminal acts and unlawful conduct against Plaintiff, and as such are liable for violating the TVPA. 18 U.S.C. § 1595(a).

44. QUINTESSENTIALLY knowingly participated in the unlawful conduct described above in violation of 18 U.S.C. §1595, not only in aiding and abetting, but in actively enabling and facilitating the rape of Plaintiff.

45. QUINTESSENTIALLY's acts and omissions, taken separately or together, constitute Participation in a Venture in violation of 18 U.S.C. § 1595. DEFENDANTS perpetrated the Sex Trafficking of Plaintiff by fraudulently inducing Plaintiff to attend the LA Party, forcing her to engage in Commercial Sex Acts, and attempting to buy her silence using the coercive tactics described herein.

46. As a direct and proximate result of QUINTESSENTIALLY's conduct as alleged herein, Plaintiff has suffered physical injuries, severe emotional distress and anxiety, humiliation,

dehumanization, post-traumatic stress disorder, and other consequential and incidental damages, including but not limited to economic and non-economic harm, medical expenses, psychiatric treatment and psychological counseling.

47.    Plaintiff also seeks recovery of the "full amount" of her losses pursuant to 18 U.S.C. § 1593, as well as all statutorily mandated damages authorized under 18 U.S.C. §§ 1593A and 1594, reasonable attorneys' fees and costs as provided under 18 U.S.C. § 1595(a), and punitive and exemplary damages. In this regard, the foregoing criminal acts and unlawful conduct were willfully committed with malice, so as to warrant punitive and exemplary damages against QUINTESSENTIALLY, particularly because QUINTESSENTIALLY intentionally placed their own perverse and depraved sexual interests, as well as their pecuniary and business endeavors and relationships, ahead of Plaintiff's physical and personal safety, mental and emotional wellbeing, and fundamental Constitutional rights.

### THIRD CAUSE OF ACTION

### CONSPIRACY TO COMMIT VIOLATIONS OF TVPA (18 U.S.C. §§ 1591(a)(2), 1595)

### (Against QUINTESSENTIALLY and DOES 1-100)

48.    Plaintiff refers to each of the foregoing paragraphs in their entirety, and hereby incorporates them by reference as though fully set forth herein.

49.    QUINTESSENTIALLY intentionally and knowingly conspired with AARON to violate the TVPA, including by fraudulently inducing Plaintiff to attend the LA Party, forcing her to engage in Commercial Sex Acts, and attempting to buy her silence using the coercive tactics described herein, all in violation of 18 U.S.C. § 1594(c). QUINTESSENTIALLY conspired with AARON to enable, facilitate, and otherwise participate in the LA Party at which Plaintiff was raped.

50.    The many overt acts knowingly committed by QUINTESSENTIALLY in furtherance of the unlawful conduct committed against Plaintiff include, but are not limited to:

      a) Leasing the Airbnb at which the LA Party was hosted;

      b) Corroborating and validating the perpetration of the fraudulent premises upon which Plaintiff relied in agreeing to attend the LA Party;

      c) Purchasing Plaintiff's roundtrip airfare to Los Angeles, and otherwise facilitating her travel accommodations and lodging arrangements; and

d) Purchasing extravagant gifts and providing Plaintiff with cash payments in an attempt to secure her silence.

51. QUINTESSENTIALLY benefitted from their participation in the Venture in at least the following ways:

a) By virtue of payments from clients and associates of QUINTESSENTIALLY in exchange for Commercial Sex Acts rendered by young men and women recruited and solicited by QUINTESSENTIALLY through means of fraud, force, and coercion;

b) Through the establishment and strengthening of business and personal relationships with said persons;

c) By enabling and facilitating the sexual desires of their clients and associates for their own political, social, and pecuniary benefits; and

d) By virtue of the expansion and globalization of their business influence and reach furthered by the aforementioned conduct.

52. By virtue of these violations of 18 U.S.C. §§ 1594(c) and 1595, QUINTESSENTIALLY is liable to Plaintiff for all legally and proximately resulting damages she sustained.

53. As a direct and proximate result of QUINTESSENTIALLY's conduct as alleged herein, Plaintiff has suffered physical injuries, severe emotional distress and anxiety, humiliation, dehumanization, post-traumatic stress disorder, and other consequential and incidental damages, including but not limited to economic and non-economic harm, medical expenses, psychiatric treatment and psychological counseling.

54. Plaintiff also seeks recovery of the "full amount" of her losses pursuant to 18 U.S.C. § 1593, as well as all statutorily mandated damages authorized under 18 U.S.C. §§ 1593A and 1594, reasonable attorneys' fees and costs as provided under 18 U.S.C. § 1595(a), and punitive and exemplary damages. In this regard, the foregoing criminal acts and unlawful conduct were willfully committed with malice, so as to warrant punitive and exemplary damages against QUINTESSENTIALLY, particularly because QUINTESSENTIALLY intentionally placed their own perverse and depraved sexual interests, as well as their pecuniary and business endeavors and relationships, ahead of Plaintiff's physical and personal safety, mental and emotional wellbeing, and fundamental Constitutional rights.

-10-

COMPLAINT

## FOURTH CAUSE OF ACTION

## HUMAN TRAFFICKING IN VIOLATION OF CALIFORNIA CIVIL CODE § 52.5

### (Against All DEFENDANTS and DOES 1-100)

55. Plaintiff refers to each of the foregoing paragraphs in their entirety, and hereby incorporates them by reference as though fully set forth herein.

56. At all relevant times, Plaintiff was and is a victim within the meaning of California Civil Code § 52.5 and California Penal Code § 236.1.

57. DEFENDANTS did, in violation of California Penal Code § 236.1, overtly and actively aid and abet one another, including by recruiting the assistance of third parties, to deprive and violate the personal liberties of Plaintiff. Plaintiff was made a victim of Human Trafficking by means of fraud, force, and coercion.

58. DEFENDANTS acted with the specific purpose and intent to procure forced labor by way of sexual services in the manner described herein. DEFENDANTS not only knowingly and substantially restricted the personal liberties of Plaintiff through the aforementioned conduct; they ensured Plaintiff would remain captive to them through the provision of extravagant gifts and the underlying understanding that Plaintiff would be harmed should she choose to speak out. DEFENDANTS restricted the personal liberties of Plaintiff in order to obtain her forced labor and sexual services. DEFENDANTS systematically perpetuated a scheme in which Plaintiff became utterly defenseless and forced to obey DEFENDANTS every whim.

59. As a direct and proximate result of DEFENDANTS' conduct, Plaintiff was made a victim of Human trafficking as defined in § 236.1 of the California Penal Code. Plaintiff has suffered damages and, pursuant to California Civil Code § 52.5, is entitled to recover actual, compensatory, and punitive damages as well as reasonable attorney fees for DEFENDANTS' wrongful conduct.

60. As a direct, legal, and proximate result of the violations of California Penal Code § 236.1 and California Civil Code § 52.5 by DEFENDANTS, Plaintiff has suffered, and continues to suffer, physical injuries, severe emotional distress and anxiety, humiliation, dehumanization, post-traumatic stress disorder, and other consequential and incidental damages, including but not limited to economic and non-economic harm, medical expenses, psychiatric treatment and psychological counseling.

-11-

61. A plaintiff may be awarded up to three times the amount of actual damages, or ten thousand dollars ($10,000), whichever is greater, pursuant to California Civil Code § 52.5. In addition, punitive damages may be awarded upon proof of the defendant's malice, oppression, fraud, or duress in committing the act of human trafficking.

62. In doing the acts alleged in this Complaint, DEFENDANTS acted with oppression, fraud, malice, and duress, and with a willful and conscious disregard for Plaintiff's physical and mental health, safety, and human rights. The conduct of DEFENDANTS was willful, and subjected Plaintiff to cruel and unjust hardship, warranting exemplary and punitive damages pursuant to Code of Civil Procedure section 3294(a), for the reasons set forth herein and the following additional reasons:

a) DEFENDANTS' conduct, including intentionally depriving Plaintiff of Plaintiff's personal liberties with the intent to obtain forced labor and sexual services, was carried out through means of fraud, force, and coercion, and done with the purpose and intent of subjecting Plaintiff to the foreseeable risks of suffering the aforementioned injuries which continue to haunt her and plague her life;

b) DEFENDANTS' conduct subjected Plaintiff to humiliation, dehumanization, and sheer mortification, and was carried out in a manner so as to intentionally subdue Plaintiff into a state of petrified fear, self-blame, and shame; and

c) Such conduct was perpetrated with the purposeful and intentional design of putting DEFENDANTS' own personal, business, and pecuniary interests ahead of Plaintiff's safety and physical and emotional well-being, as well as Plaintiff's Constitutional rights and personal liberties, as further described herein.

63. Accordingly, Plaintiff is entitled to recover punitive damages pursuant to California Code of Civil Procedure section 3294(a). Plaintiff seeks recovery of both actual damages in tort and punitive damages in an amount appropriate to punish and make an example of DEFENDANTS, and to deter such wrongful conduct in the future.

64. Under California Civil Code § 52.5, a prevailing plaintiff may also be awarded attorney's fees and costs, of which Plaintiff also seeks recovery.

-12-

## FIFTH CAUSE OF ACTION

## SEXUAL BATTERY

## (Against AARON and DOES 1-100)

65.     Plaintiff refers to each of the foregoing paragraphs in their entirety, and hereby incorporates them by reference as though fully set forth herein.

66.     AARON committed the act of Sexual Battery in violation of California Civil Code section 1708.5, when, at the LA Party, AARON willfully subjected Plaintiff to forceful, harmful and offensive touching of Plaintiff's intimate parts, including forcing her to have intercourse with him without her consent and against her will.

67.     As a direct and proximate result of AARON's conduct as alleged herein, Plaintiff has suffered physical injuries, severe emotional distress and anxiety, humiliation, dehumanization, post-traumatic stress disorder, and other consequential and incidental damages, including but not limited to economic and non-economic harm, medical expenses, psychiatric treatment and psychological counseling.

68.     Pursuant to Civil Code § 1708.5(b), Plaintiff is also statutorily entitled to monetary damages, including, but not limited to, general damages (i.e., damages for physical pain and emotional suffering that occur as a result of a bodily or mental injury); special damages ( including costs of psychiatric counseling and treatment); and punitive damages arising from AARON's malicious, willful, and oppressive acts.

69.     In doing the acts alleged in this Complaint, AARON acted with oppression, fraud, malice, and duress, and with a willful and conscious disregard for Plaintiff's physical and mental health, safety, and human rights. The conduct of AARON was willful, and subjected Plaintiff to cruel and unjust hardship, warranting exemplary and punitive damages pursuant to Code of Civil Procedure section 3294(a), for the reasons set forth herein and the following additional reasons:

a) AARON's conduct, including intentionally depriving Plaintiff of Plaintiff's personal liberties with the intent to obtain forced labor and sexual services, was carried out through means of fraud, force, and coercion, and done with the purpose and intent of

-13-

COMPLAINT

subjecting Plaintiff to the foreseeable risks of suffering the aforementioned injuries which continue to haunt her and plague her life;

b) AARON's conduct subjected Plaintiff to humiliation, dehumanization, and sheer mortification, and was carried out in a manner so as to intentionally subdue Plaintiff into a state of petrified fear, self-blame, and shame; and

c) Such conduct was perpetrated with the purposeful and intentional design of putting AARON's own personal interests ahead of Plaintiff's safety and physical and emotional well-being, as well as Plaintiff's Constitutional rights and personal liberties, as further described herein.

70.     Accordingly, Plaintiff seeks both actual damages in tort and punitive damages in an amount appropriate to punish and make an example of AARON, and to deter such wrongful conduct in the future.

## SIXTH CAUSE OF ACTION

## NEGLIGENCE

## (Against QUINTESSENTIALLY and DOES 1-100)

71.     Plaintiff refers to each of the foregoing paragraphs in their entirety, and hereby incorporates them by reference as though fully set forth herein.

72.     By virtue of the conduct alleged herein—including its funding of the transportation and lodging expenses described above, and the purchasing of extravagant gifts for Plaintiff—QUINTESSENTIALLY owed a duty to Plaintiff to ensure her safety and well-being at the LA Party, particularly in light of QUINTESSENTIALLY's relationship with AARON and knowing enablement and facilitation of the criminal and unlawful acts committed at the event; its knowledge of AARON's sexual propensities; and its participation in the modus operandi used to lure naïve young men and women under fraudulent premises for the purpose of forcing and coercing such individuals to engage in Commercial Sex Acts, as alleged herein.

73.     QUINTESSENTIALLY breached its duties of care to Plaintiff by virtue of the conduct alleged herein.

-14-

COMPLAINT

74. As a direct and proximate result of QUINTESSENTIALLY's conduct as alleged herein, Plaintiff has suffered physical injuries, severe emotional distress and anxiety, humiliation, dehumanization, post-traumatic stress disorder, and other consequential and incidental damages, including but not limited to economic and non-economic harm, medical expenses, psychiatric treatment and psychological counseling.

**SEVENTH CAUSE OF ACTION**

**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

**(Against AARON and DOES 1-100)**

75. Plaintiff refers to each of the foregoing paragraphs in their entirety, and hereby incorporates them by reference as though fully set forth herein.

76. AARON committed a violent rape against Plaintiff at the LA Party. AARON's criminal acts and unlawful conduct amount to extreme and outrageous conduct with a wanton and reckless disregard of the likelihood that Plaintiff would suffer severe emotional distress, among the other injuries and harm from which Plaintiff continues to suffer, as alleged herein.

77. In doing the acts alleged in this Complaint, AARON acted with oppression, fraud, malice, and duress, and with a willful and conscious disregard for Plaintiff's physical and mental health, safety, and human rights. The conduct of AARON was willful, and subjected Plaintiff to cruel and unjust hardship, warranting exemplary and punitive damages pursuant to Code of Civil Procedure section 3294(a), for the reasons set forth herein and the following additional reasons:

a) AARON's conduct, including intentionally depriving Plaintiff of Plaintiff's personal liberties with the intent to obtain forced labor and sexual services, was carried out through means of fraud, force, and coercion, and done with the purpose and intent of subjecting Plaintiff to the foreseeable risks of suffering the aforementioned injuries which continue to haunt her and plague her life;

b) AARON's conduct subjected Plaintiff to humiliation, dehumanization, and sheer mortification, and was carried out in a manner so as to intentionally subdue Plaintiff into a state of petrified fear, self-blame, and shame; and

-15-

COMPLAINT

c) Such conduct was perpetrated with the purposeful and intentional design of putting AARON's own personal interests ahead of Plaintiff's safety and physical and emotional well-being, as well as Plaintiff's Constitutional rights and personal liberties, as further described herein.

78.    Accordingly, Plaintiff seeks both actual damages in tort and punitive damages in an amount appropriate to punish and make an example of AARON, and to deter such wrongful conduct in the future.

**EIGHTH CAUSE OF ACTION**

**NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

**(Against QUINTESSENTIALLY and DOES 1-100)**

79.    Plaintiff refers to each of the foregoing paragraphs in their entirety, and hereby incorporates them by reference as though fully set forth herein.

80.    A cause of action for negligent infliction of emotional distress ("NIED") requires proof of the same elements as an ordinary negligence claim. By virtue of the conduct alleged herein, QUINTESSENTIALLY breached its duties of care outlined above in enabling and facilitating the criminal and unlawful acts committed by AARON against Plaintiff.

81.    As a direct and proximate result of QUINTESSENTIALLY's conduct as alleged herein, Plaintiff has suffered physical injuries, severe emotional distress and anxiety, humiliation, dehumanization, post-traumatic stress disorder, and other consequential and incidental damages, including but not limited to economic and non-economic harm, medical expenses, psychiatric treatment and psychological counseling.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

**ON THE FIRST, SECOND, AND THIRD CAUSES OF ACTION:**

1.  For the "full amount" of Plaintiff's losses pursuant to 18 U.S.C. § 1593;

2.  For all statutorily mandated damages authorized under 18 U.S.C. §§ 1593A and 1594;

3.  For exemplary and punitive damages in amounts that are yet to be ascertained; and

4.  For reasonable attorneys' fees and costs as provided under 18 U.S.C. § 1595(a).

-16-

COMPLAINT

## ON THE FOURTH CAUSE OF ACTION:

1. For exemplary and punitive damages in amounts that are yet to be ascertained;

2. For three times Plaintiff's actual damages, or ten thousand dollars ($10,000), whichever is greater; and

3. For reasonable attorneys' fees and costs.

## ON THE FIFTH AND SEVENTH CAUSES OF ACTION:

1. For exemplary and punitive damages in amounts that are yet to be ascertained.

## ON ALL CAUSES OF ACTION:

1. For general, special, and consequential damages in an amount according to proof at trial;

2. For compensatory and incidental damages according to proof at trial;

3. For recovery of costs and expenses of suit as allowed by law; and

4. For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial in this action before the court.

Dated:  August 26, 2025          K&L LAW GROUP, P.C.

By:  _____
MARC Y. LAZO
ALEXANDER A. POWERS
*Attorneys for Plaintiff*

-17-

COMPLAINT

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Marc Lazo - SBN 215998<br>K&L Law Group, P.C., 2646 Dupont Drive, #60340, Irvine, CA 92612<br><br>TELEPHONE NO.: (949) 216-4000     FAX NO.: (800) 596-0370<br>EMAIL ADDRESS: mlazo@kllawgroup.com; rcantillo@kllawgroup.com<br>ATTORNEY FOR *(Name):* Plaintiff | **Electronically FILED by<br>Superior Court of California,<br>County of Los Angeles<br>8/27/2025 9:42 AM<br>David W. Slayton,<br>Executive Officer/Clerk of Court,<br>By C. Nava, Deputy Clerk** |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
STREET ADDRESS: ~~825 Maple Ave.~~    **TORRANCE COURTHOUSE**
MAILING ADDRESS: ~~825 Maple Ave.~~    **825 MAPLE AVENUE**
CITY AND ZIP CODE: ~~Torrance, CA 90503~~    **TORRANCE, CA 90503**
BRANCH NAME: ~~Torrance Courthouse~~

CASE NAME:
JANE DOE v. AARON SIMPSON, et al.,

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [x] **Unlimited**<br>(Amount<br>demanded<br>exceeds $35,000) | [ ] **Limited**<br>(Amount<br>demanded is<br>$35,000 or less) | [ ] Counter    [ ] Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | **25TRCV02908** |
| | | | | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation** |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400–3.403)** |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Construction defect (10) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | [ ] Insurance coverage claims arising from the |
| [x] Other PI/PD/WD (23) |    condemnation (14) |    above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) |    types (41) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Petition re: arbitration award (11) | [ ] Other petition *(not specified above)* (43) |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is [x] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties    d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel    e. [ ] Coordination with related actions pending in one or more
       issues that will be time-consuming to resolve     courts in other counties, states, or countries, or in a federal
       court
   c. [ ] Substantial amount of documentary evidence    f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [x] punitive
4. Number of causes of action *(specify):* 8
5. This case [ ] is [x] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: August 26, 2025
MARC LAZO     ▶     *(signature)*

(TYPE OR PRINT NAME)              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.    **Page 1 of 2**

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. January 1, 2024] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courts.ca.gov* |
|---|---|---|

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
   Damage/Wrongful Death
Uninsured Motorist (46) *(if the
   case involves an uninsured
   motorist claim subject to
   arbitration, check this item
   instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death) Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/
     Wrongful Death
Product Liability *(not asbestos or
   toxic/environmental)* (24)
Medical Malpractice (45)
   Medical Malpractice–
     Physicians & Surgeons
   Other Professional Health Care
     Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip
     and fall)
   Intentional Bodily Injury/PD/WD
     (e.g., assault, vandalism)
   Intentional Infliction of
     Emotional Distress
   Negligent Infliction of
     Emotional Distress
   Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
   Practice (07)
Civil Rights (e.g., discrimination,
   false arrest) *(not civil
   harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice
     *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease
     Contract *(not unlawful detainer
     or wrongful eviction)*
   Contract/Warranty Breach–Seller
     Plaintiff *(not fraud or negligence)*
   Negligent Breach of Contract/
     Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open
   book accounts) (09)
   Collection Case–Seller Plaintiff
   Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally
   complex)* (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
   Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property *(not eminent
   domain, landlord/tenant, or
   foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
   drugs, check this item; otherwise,
   report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court
     Case Matter
   Writ–Other Limited Court Case Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor Commissioner
     Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
   *(arising from provisionally complex
   case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of County)
   Confession of Judgment *(non-domestic
   relations)*
   Sister State Judgment
   Administrative Agency Award
     *(not unpaid taxes)*
   Petition/Certification of Entry of
     Judgment on Unpaid Taxes
   Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
   Declaratory Relief Only
   Injunctive Relief Only *(non-
     harassment)*
   Mechanics Lien
   Other Commercial Complaint
     Case *(non-tort/non-complex)*
   Other Civil Complaint
     *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
   Governance (21)
Other Petition *(not specified above)* (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief From Late Claim
   Other Civil Petition

| SHORT TITLE | CASE NUMBER |
|---|---|
| JANE DOE v. AARON SIMPSON | 25TRCV02908 |

Electronically FILED by
Superior Court of California,
County of Los Angeles
8/27/2025 9:42 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By C. Nava, Deputy Clerk

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION

### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Courthouse Location (Column C) | |
|---|---|
| 1. Class Actions must be filed in the Stanley Mosk Courthouse, Central District. | 7. Location where petitioner resides. |
| 2. Permissive filing in Central District. | 8. Location wherein defendant/respondent functions wholly. |
| 3. Location where cause of action arose. | 9. Location where one or more of the parties reside. |
| 4. Location where bodily injury, death or damage occurred. | 10. Location of Labor Commissioner Office. |
| 5. Location where performance required, or defendant resides. | 11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection). |
| 6. Location of property or permanently garaged vehicle. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ 2201 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | Uninsured Motorist (46) | ☐ 4601 Uninsured Motorist – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| **Other Personal Injury/ Property Damage/ Wrongful Death** | Other Personal Injury/ Property Damage/ Wrongful Death (23) | ☐ 2301 Premise Liability (e.g., dangerous conditions of property, slip/trip and fall, dog attack, etc.) | 1, 4 |
| | | ☐ 2302 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, battery, vandalism, etc.) | 1, 4 |
| | | ☐ 2303 Intentional Infliction of Emotional Distress | 1, 4 |
| | | ☐ 2304 Other Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | | ☐ 2305 Elder/Dependent Adult Abuse/Claims Against Skilled Nursing Facility | 1, 4 |
| | | ☑ 2306 Intentional Conduct – Sexual Abuse Case (in any form) | 1, 4 |

| | | |
|---|---|---|
| LASC CIV 109 Rev. 01/23 | CIVIL CASE COVER SHEET ADDENDUM | LASC Local Rule 2.3 |
| For Mandatory Use | AND STATEMENT OF LOCATION | |

| SHORT TITLE | CASE NUMBER |
|---|---|
| JANE DOE v. AARON SIMPSON | |

| | A<br>Civil Case Cover<br>Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable<br>Reasons (see<br>Step 3 above) |
|---|---|---|---|
| **Other Personal Injury/ Property Damage/ Wrongful Death** | | ☐ 2307 Construction Accidents | 1, 4 |
| | | ☐ 2308 Landlord – Tenant Habitability (e.g., bed bugs, mold, etc.) | 1, 4 |
| | Product Liability (24) | ☐ 2401 Product Liability (not asbestos or toxic/ environmental) | 1, 4 |
| | | ☐ 2402 Product Liability – Song-Beverly Consumer Warranty Act (CA Civil Code §§1790-1795.8) (Lemon Law) | 1, 3, 5 |
| | Medical Malpractice (45) | ☐ 4501 Medical Malpractice – Physicians & Surgeons | 1, 4 |
| | | ☐ 4502 Other Professional Health Care Malpractice | 1, 4 |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ 0701 Other Commercial/Business Tort (not fraud or breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ 0801 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ 1301 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ 1601 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ 2501 Legal Malpractice | 1, 2, 3 |
| | | ☐ 2502 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ 3501 Other Non-Personal Injury/Property Damage Tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ 3601 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ 1501 Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ 1502 Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract / Warranty (06) (not insurance) | ☐ 0601 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ 0602 Contract/Warranty Breach – Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ 0603 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ 0604 Other Breach of Contract/Warranty (no fraud/ negligence) | 1, 2, 5 |
| | | ☐ 0605 Breach of Rental/Lease Contract (COVID-19 Rental Debt) | 2, 5 |
| | Collections (09) | ☐ 0901 Collections Case – Seller Plaintiff | 5, 6, 11 |
| | | ☐ 0902 Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ 0903 Collections Case – Purchased Debt (charged off consumer debt purchased on or after January 1, 2014) | 5, 6, 11 |
| | | ☐ 0904 Collections Case – COVID-19 Rental Debt | 5, 11 |
| | Insurance Coverage (18) | ☐ 1801 Insurance Coverage (not complex) | 1, 2, 5, 8 |

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

LASC Local Rule 2.3

| SHORT TITLE | CASE NUMBER |
|---|---|
| JANE DOE v. AARON SIMPSON | |

| | A<br>Civil Case Cover<br>Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable<br>Reasons (see<br>Step 3 above) |
|---|---|---|---|
| **Contract** (Continued) | Other Contract (37) | ☐ 3701 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ 3702 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ 3703 Other Contract Dispute (not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ 1401 Eminent Domain/Condemnation<br>Number of Parcels _____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ 3301 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ 2601 Mortgage Foreclosure | 2, 6 |
| | | ☐ 2602 Quiet Title | 2, 6 |
| | | ☐ 2603 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer – Commercial (31) | ☐ 3101 Unlawful Detainer – Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Residential (32) | ☐ 3201 Unlawful Detainer – Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Post Foreclosure (34) | ☐ 3401 Unlawful Detainer – Post Foreclosure | 2, 6, 11 |
| | Unlawful Detainer – Drugs (38) | ☐ 3801 Unlawful Detainer – Drugs | 2, 6, 11 |
| **Judicial Review** | Asset Forfeiture (05) | ☐ 0501 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ 1101 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ 0201 Writ – Administrative Mandamus | 2, 8 |
| | | ☐ 0202 Writ – Mandamus on Limited Court Case Matter | 2 |
| | | ☐ 0203 Writ – Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ 3901 Other Writ/Judicial Review | 2, 8 |
| | | ☐ 3902 Administrative Hearing | 2, 8 |
| | | ☐ 3903 Parking Appeal | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ 0301 Antitrust/Trade Regulation | 1, 2, 8 |
| | Asbestos (04) | ☐ 0401 Asbestos Property Damage | 1, 11 |
| | | ☐ 0402 Asbestos Personal Injury/Wrongful Death | 1, 11 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| JANE DOE v. AARON SIMPSON | |

| | **A**<br>Civil Case Cover<br>Sheet Case Type | **B**<br>Type of Action<br>(check only one) | **C**<br>Applicable<br>Reasons (see<br>Step 3 above) |
|---|---|---|---|
| **Provisionally Complex Litigation (Continued)** | Construction Defect (10) | ☐ 1001 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ 4001 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ 2801 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ 3001 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ 4101 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ 2001 Sister State Judgment | 2, 5, 11 |
| | | ☐ 2002 Abstract of Judgment | 2, 6 |
| | | ☐ 2004 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ 2005 Petition/Certificate for Entry of Judgment Unpaid Tax | 2, 8 |
| | | ☐ 2006 Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ 2701 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (not specified above) (42) | ☐ 4201 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ 4202 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ 4203 Other Commercial Complaint Case (non-tort/noncomplex) | 1, 2, 8 |
| | | ☐ 4204 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ 2101 Partnership and Corporation Governance Case | 2, 8 |
| | Other Petitions (not specified above) (43) | ☐ 4301 Civil Harassment with Damages | 2, 3, 9 |
| | | ☐ 4302 Workplace Harassment with Damages | 2, 3, 9 |
| | | ☐ 4303 Elder/Dependent Adult Abuse Case with Damages | 2, 3, 9 |
| | | ☐ 4304 Election Contest | 2 |
| | | ☐ 4305 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ 4306 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ 4307 Other Civil Petition | 2, 9 |

LASC CIV 109 Rev. 01/23
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC Local Rule 2.3

| SHORT TITLE | CASE NUMBER |
|---|---|
| JANE DOE v. AARON SIMPSON | |

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address, which is the basis for the filing location including zip code. (No address required for class action cases.)

| REASON:<br>☐ 1. ☐ 2. ☐ 3. ☑ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11 | ADDRESS:<br>6060 Center Drive |
|---|---|

| CITY: | STATE: | ZIP CODE: | |
|---|---|---|---|
| Los Angeles | CA | 90045 | |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the ___Torrance Courthouse___ District of the Superior Court of California, County of Los Angeles [Code of Civ. Proc., 392 et seq., and LASC Local Rule 2.3(a)(1)(E)]

Dated: __08/26/2025__

_____
(SIGNATURE OF ATTORNEY/FILING PARTY

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form LASC CIV 109 (01/23).
5. Payment in full of the filing fee, unless there is a court order for waiver, partial or schedule payments.
6. A signed order appointing a Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court to issue a Summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the Summons and Complaint, or other initiating pleading in the case.

| LASC CIV 109 Rev. 01/23 | **CIVIL CASE COVER SHEET ADDENDUM** | LASC Local Rule 2.3 |
|---|---|---|
| For Mandatory Use | **AND STATEMENT OF LOCATION** | |

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Torrance Courthouse<br>825 Maple Avenue, Torrance, CA 90503 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**08/27/2025**<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: _____ C. Nava _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br>**UNLIMITED CIVIL CASE** | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>25TRCV02908 |

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| ✓ | Alan B. Honeycutt | E | | | | | |

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

**APPLICATION**
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

**PRIORITY OVER OTHER RULES**
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

**CHALLENGE TO ASSIGNED JUDGE**
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

**TIME STANDARDS**
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

**COMPLAINTS**
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

**CROSS-COMPLAINTS**
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

**STATUS CONFERENCE**
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

**FINAL STATUS CONFERENCE**
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

**SANCTIONS**
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

**Class Actions**
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

**\*Provisionally Complex Cases**
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.



## *Superior Court of California, County of Los Angeles*
## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS MUST SERVE THIS ADR INFORMATION PACKAGE ON ANY NEW PARTIES NAMED TO THE ACTION WITH THE CROSS-COMPLAINT.**

### WHAT IS ADR?
Alternative Dispute Resolution (ADR) helps people find solutions to their legal disputes without going to trial. The Court offers a variety of ADR resources and programs for various case types.

### TYPES OF ADR

- **Negotiation.** Parties may talk with each other about resolving their case at any time. If the parties have attorneys, they will negotiate for their clients.

- **Mediation.** Mediation may be appropriate for parties who want to work out a solution but need help from a neutral third party. A mediator can help the parties reach a mutually acceptable resolution. Mediation may be appropriate when the parties have communication problems and/or strong emotions that interfere with resolution. Mediation may not be appropriate when the parties want a public trial, lack equal bargaining power, or have a history of physical or emotional abuse.

- **Arbitration.** Less formal than a trial, parties present evidence and arguments to an arbitrator who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision.

- **Settlement Conferences.** A judge or qualified settlement officer assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Mandatory settlement conferences may be ordered by a judicial officer. In some cases, voluntary settlement conferences may be requested by the parties.

### ADVANTAGES OF ADR

- **Save time and money.** Utilizing ADR methods is often faster than going to trial and parties can save on court costs, attorney's fees, and other charges.
- **Reduce stress and protect privacy.** ADR is conducted outside of a courtroom setting and does not involve a public trial.
- **Help parties maintain control.** For many types of ADR, parties may choose their ADR process and provider.

### DISADVANTAGES OF ADR
- **Costs.** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial.** ADR does not provide a public trial or decision by a judge or jury.

### WEBSITE RESOURCES FOR ADR
- **Los Angeles Superior Court ADR website:** www.lacourt.org/ADR
- **California Courts ADR website:** www.courts.ca.gov/programs-adr.htm

**Los Angeles Superior Court ADR Programs for Unlimited Civil (cases valued over $35,000)**
Litigants should closely review the requirements for each program and the types of cases served.

- **Civil Mediation Vendor Resource List.** Litigants in unlimited civil cases may use the Civil Mediation Vendor Resource List to arrange voluntary mediations without Court referral or involvement. The Resource List includes organizations that have been selected through a formal process that have agreed to provide a limited number of low-cost or no-cost mediation sessions with attorney mediators or retired judges. Organizations may accept or decline cases at their discretion. Mediations are scheduled directly with these organizations and are most often conducted through videoconferencing. The organizations on the Resource List target active civil cases valued between $50,000-$250,000, though cases outside this range may be considered. *For more information and to view the list of vendors and their contact information, download the Resource List Flyer and FAQ Sheet at www.lacourt.org/ADR/programs.html.*
  **RESOURCE LIST DISCLAIMER:** The Court provides this list as a public service. The Court does not endorse, recommend, or make any warranty as to the qualifications or competency of any provider on this list. Inclusion on this list is based on the representations of the provider. The Court assumes no responsibility or liability of any kind for any act or omission of any provider on this list.

- **Mediation Volunteer Panel (MVP).** Unlimited civil cases referred by judicial officers to the Court's Mediation Volunteer Panel (MVP) are eligible for three hours of virtual mediation at no cost with a qualified mediator from the MVP. Through this program, mediators volunteer preparation time and three hours of mediation at no charge. If the parties agree to continue the mediation after three hours, the mediator may charge their market hourly rate. When a case is referred to the MVP, the Court's ADR Office will provide information and instructions to the parties. The Notice directs parties to meet and confer to select a mediator from the MVP or they may request that the ADR Office assign them a mediator. The assigned MVP mediator will coordinate the mediation with the parties. *For more information or to view MVP mediator profiles, visit the Court's ADR webpage at www.lacourt.org/ADR or email ADRCivil@lacourt.org.*

- **Mediation Center of Los Angeles (MCLA) Referral Program.** The Court may refer unlimited civil cases to mediation through a formal contract with the Mediation Center of Los Angeles (MCLA), a nonprofit organization that manages a panel of highly qualified mediators. Cases must be referred by a judicial officer or the Court's ADR Office. The Court's ADR Office will provide the parties with information for submitting the case intake form for this program. MCLA will assign a mediator based on the type of case presented and the availability of the mediator to complete the mediation in an appropriate time frame. MCLA has a designated fee schedule for this program. *For more information, contact the Court's ADR Office at ADRCivil@lacourt.org.*

- **Resolve Law LA (RLLA) Virtual Mandatory Settlement Conferences (MSC).** Resolve Law LA provides three-hour virtual Mandatory Settlement Conferences at no cost for personal injury and non-complex employment cases. Cases must be ordered into the program by a judge pursuant to applicable Standing Orders issued by the Court and must complete the program's online registration process. The program leverages the talent of attorney mediators with at least 10 years of litigation experience who volunteer as settlement officers. Each MSC includes two settlement officers, one each from the plaintiff and defense bars. Resolve Law LA is a joint effort of the Court, Consumer Attorneys Association of Los Angeles County (CAALA), Association of Southern California Defense Counsel (ASCDC), Los Angeles Chapter of the American Board of Trial Advocates (LA-ABOTA), Beverly Hills Bar Foundation (BHBF), California Employment Lawyers Association (CELA), and Los Angeles County Bar Association (LACBA). *For more information, visit https://resolvelawla.com.*

LASC CIV 271 Rev. 11/24
For Mandatory Use

Page 2 of 3

- **Judicial Mandatory Settlement Conferences (MSCs).** Judicial MSCs are ordered by the Court for unlimited civil cases and may be held close to the trial date or on the day of trial. The parties and their attorneys meet with a judicial officer who does not make a decision, but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For more information, visit https://www.lacourt.org/division/civil/CI0047.aspx.

**Los Angeles Superior Court ADR Programs for Limited Civil (cases valued below $35,000)**
Litigants should closely review the requirements for each program and the types of cases served.

- **Online Dispute Resolution (ODR).** Online Dispute Resolution (ODR) is a free online service provided by the Court to help small claims and unlawful detainer litigants explore settlement options before the hearing date without having to come to court. ODR guides parties through a step-by-step program. After both sides register for ODR, they may request assistance from trained mediators to help them reach a customized agreement. The program creates settlement agreements in the proper form and sends them to the Court for processing. Parties in small claims and unlawful detainer cases must carefully review the notices and other information they receive about ODR requirements that may apply to their case. *For more information, visit https://my.lacourt.org/odr.*

- **Dispute Resolution Program Act (DRPA) Day-of-Hearing Mediation.** Through the Dispute Resolution Program Act (DRPA), the Court works with county-funded agencies, including the Los Angeles County Department of Consumer & Business Affairs (DCBA) and the Center for Conflict Resolution (CCR), to provide voluntary day-of-hearing mediation services for small claims, unlawful detainer, limited civil, and civil harassment matters. DCBA and CCR staff and trained volunteers serve as mediators, primarily for self-represented litigants. There is no charge to litigants. *For more information, visit https://dcba.lacounty.gov/countywidedrp.*

- **Temporary Judge Unlawful Detainer Mandatory Settlement Conference Pilot Program.** Temporary judges who have been trained as settlement officers are deployed by the Court to designated unlawful detainer court locations one day each week to facilitate settlement of unlawful detainer cases on the day of trial. For this program, cases may be ordered to participate in a Mandatory Settlement Conference (MSC) by judicial officers at Stanley Mosk, Long Beach, Compton, or Santa Monica. Settlement rooms and forms are available for use on the designated day at each courthouse location. There is no charge to litigants for the MSC. *For more information, contact the Court's ADR Office at ADRCivil@lacourt.org.*

LASC CIV 271 Rev. 11/24
For Mandatory Use

Page 3 of 3