**POWERHOUSE LEGAL, P.C.**
Marc Y. Lazo, SBN: 215998
Alexander A. Powers, SBN: 350967
21163 Newport Coast Dr. #245
Newport Beach, CA 92657
Phone No.:   (949) 791-4050
Fax No.:      (949) 791-4224

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE, an individual, | CASE No.:  2:25-cv-09942-WLH-ASx |
| Plaintiff, | District Judge: Hon. Wesley L. Hsu |
| | Magistrate Judge: Hon. Alka Sagar |
| v. | |
| AARON SIMPSON, an individual; QUINTESSENTIALLY (UK) LIMITED, a Private Limited UK Company; and DOES 1-100 inclusive, | **PLAINTIFF'S EVIDENTIARY OBJECTIONS TO DECLARATION OF JAMES M. SABOVICH IN SUPPORT OF QUINTESSENTIALLY LIMITED'S RESPONSE TO ORDER TO SHOW CAUSE FILING BY JANE DOE** |
| Defendants. | |

TO ALL PARTIES HEREIN AND TO THEIR ATTORNEYS OF RECORD:

Plaintiff JANE DOE ("Plaintiff"), by and through his attorneys of record, hereby objects to the Declaration of James M. Sabovich ("Sabovich") in Support

of Defendant Quintessentially (UK) Limited's ("Quintessentially") Response to Order to Show Cause filing by Jane Doe.

The following are the specific objectionable statements and the evidentiary bases for each objection.

| **Paragraph of Declaration** | **Objection** | **Ruling** |
|---|---|---|
| 2. As part of my duties, I stay closely abreast of attempted or actual service of process on Quintessentially. Accordingly, I was informed that in late March 2026, Quintessentially received through its letterbox four envelopes. I instructed Charlotte Thornycroft at Quintessentially to scan the content of these envelopes and email them. These constitute the only documents that were served on Quintessentially. | 1. Hearsay (Fed. R. Evid. 801 et. seq.). Sabovich attempts to offer statements to prove the truth of the matter asserted in violation of Fed. R. Evid. 801 et. seq. 2. Lacks foundation (Fed. R. Evid. 602.) Sabovich's statements, specifically as to what constitutes "the only documents that were served on Quintessentially", fail to establish the preliminary facts required to make such assertions. 3. Improper Opinion Testimony (Fed. R. Evid. | Sustained: _____ Overruled: _____ |

EVIDENTIARY OBJECTIONS TO THE DECLARATION OF JAMES M. SABOVICH

| | | |
|---|---|---|
| **[Declaration. p. 1:9-14.]** | 701) and Improper Testimony to Prove Contents of a Writing/ Documents speaks for themselves. (Fed. R. Evid. 901.)  Defendant's attestations improperly draw conclusions and thus constitute improper testimony. | |
| 3.  Attached as Exhibit A is a true and correct copy of the contents of the first envelope. As can be seen, this is the First Amended Complaint in the case of *Christopher Bui v. Quintessentially*, Case No. 30-2025-0147 1603-CU-RI-NJC. **[Declaration. p. 1:15-17.]** | 1.  Hearsay (Fed. R. Evid. 801 et. seq.). Sabovich attempts to offer statements to prove the truth of the matter asserted in violation of Fed. R. Evid. 801 et. seq. 2. Lacks foundation (Fed. R. Evid. 602.)  Sabovich's statements, specifically as to the contents of any envelope served on Quintessentially, fail to establish the preliminary facts required to make such assertions. | Sustained: _____ Overruled: _____ |

| | | |
|---|---|---|
| | 3. Improper Opinion Testimony (Fed. R. Evid. 701) and Improper Testimony to Prove Contents of a Writing/ Documents speaks for themselves. (Fed. R. Evid. 901.)  Defendant's attestations improperly draw conclusions and thus constitute improper testimony. | |
| 4. Attached as Exhibit B is a true and correct copy of the content of the second envelope. As can be seen, it is the original removed complaint from this action. **[Declaration. p. 1:18-20.]** | 1.  Hearsay (Fed. R. Evid. 801 et. seq.). Sabovich attempts to offer statements to prove the truth of the matter asserted in violation of Fed. R. Evid. 801 et. seq. 2. Lacks foundation (Fed. R. Evid. 602.)  Sabovich's statements, specifically as to the contents of any envelope served on Quintessentially, fail to establish the preliminary | Sustained: _____ Overruled: _____ |

| | | |
|---|---|---|
| | facts required to make such assertions. 3. Improper Opinion Testimony (Fed. R. Evid. 701) and Improper Testimony to Prove Contents of a Writing/ Documents speaks for themselves. (Fed. R. Evid. 901.) Defendant's attestations improperly draw conclusions and thus constitute improper testimony. | |
| 5. Attached as Exhibit C is a true and correct copy of the content of the third envelope. As can be seen, it is the First Amended Complaint in *Michael Bui v. Quintessentially*, Case No. 30-2025-0147905 1-CU-RI-WJC. **[Declaration. p. 1:21-23.]** | 1.  Hearsay (Fed. R. Evid. 801 et. seq.). Sabovich attempts to offer statements to prove the truth of the matter asserted in violation of Fed. R. Evid. 801 et. seq. 2. Lacks foundation (Fed. R. Evid. 602.) Sabovich's statements, specifically as to the contents of any envelope served on | Sustained: _____ Overruled: _____ |

| | | |
|---|---|---|
| | Quintessentially, fail to establish the preliminary facts required to make such assertions.<br><br>3. Improper Opinion Testimony (Fed. R. Evid. 701) and Improper Testimony to Prove Contents of a Writing/ Documents speaks for themselves. (Fed. R. Evid. 901.)  Defendant's attestations improperly draw conclusions and thus constitute improper testimony. | |
| 6. Attached as Exhibit D is a true and correct copy of the content of the fourth envelope. As can be seen, it is the original removed complaint from this action.<br>**[Declaration. p. 1:24-26.]** | 1.  Hearsay (Fed. R. Evid. 801 et. seq.). Sabovich attempts to offer statements to prove the truth of the matter asserted in violation of Fed. R. Evid. 801 et. seq.<br>2. Lacks foundation (Fed. R. Evid. 602.)  Sabovich's statements, specifically as | Sustained:<br>_____<br>Overruled:<br>_____ |

| | | |
|---|---|---|
| | to the contents of any envelope served on Quintessentially, fail to establish the preliminary facts required to make such assertions. 3. Improper Opinion Testimony (Fed. R. Evid. 701) and Improper Testimony to Prove Contents of a Writing/ Documents speaks for themselves. (Fed. R. Evid. 901.)  Defendant's attestations improperly draw conclusions and thus constitute improper testimony. | |
| 7. To be clear, the First Amendment Complaint in this action was not included with these envelopes and has not been served on Quintessentially. | 1.  Hearsay (Fed. R. Evid. 801 et. seq.). Sabovich attempts to offer statements to prove the truth of the matter asserted in violation of Fed. R. Evid. 801 et. seq. | Sustained: _____ Overruled: _____ |

| [Declaration. p. 1:27-28.] | 2. Lacks foundation (Fed. R. Evid. 602.)  Sabovich's statements, specifically as to the totality of what has been served on Quintessentially, fail to establish the preliminary facts required to make such assertions. 3. Improper Opinion Testimony (Fed. R. Evid. 701) and Improper Testimony to Prove Contents of a Writing/ Documents speaks for themselves. (Fed. R. Evid. 901.)  Defendant's attestations improperly draw conclusions and thus constitute improper testimony. | |

Dated:  June 30, 2026          POWERHOUSE LEGAL, P.C.

_____

Marc Lazo
Attorney for Plaintiff

EVIDENTIARY OBJECTIONS TO THE DECLARATION OF JAMES M. SABOVICH
Page 8